UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Dorothy Zyla, Administratrix</u>
<u>of the Estate of John B. Zyla, Jr.</u>

    v.                                  Civil No. 10-cv-446-JD

<u>Caterpillar, Inc.</u>

<u>CONFIDENTIALITY ORDER</u>

    Upon joint motion of the defendant Caterpillar Inc. and the plaintiff Dorothy Zyla, administratrix of the estate of John B. Zyla, Jr., (called "parties" in this order), it is hereby ORDERED as follows:

    1.  Any party may designate as subject to this order any documents or deposition testimony produced in connection with the action by the party or by the party's employees or representatives if the party believes in good faith that the documents or testimony contains proprietary and confidential personal, medical, financial, technical, or commercial information.

    2.  If the plaintiff chooses to produce confidential personal, medical, or financial documents by means of delivering to the defendant authorizations for release of records directed to custodians of such documents, she may designate such documents as subject to this order by conspicuously and prominently stating in the letter transmitting any such

1

authorization to defense counsel of record that the documents described in it are confidential and subject to this order. The designation described in ¶1 may otherwise be made, with respect to documents, by prominently marking the documents at the time they are produced in any manner that clearly indicates they are intended to be subject to this order, such as stamping or labeling them "confidential," or "subject to protective order," or with some substantially equivalent mark. If the documents are films or videotapes, the designation described in ¶1 may be made by imprinting a similar legend on the film or videotape itself at the time it is produced or by placing a label or stamp bearing such a legend on the case of the film or videotape at the time it is produced.  The designation described in ¶1 may be made with respect to deposition testimony by stating on the record at the time of the deposition that the testimony is subject to this order, is confidential, or by other substantially equivalent on-the-record statements.

   3.  Documents and testimony designated confidential pursuant to ¶¶1 and 2 may be used only for the purpose of prosecution or defense of this action.  No other use of such documents or testimony shall be made (except by the designating party). *Provided, however,* that the provisions of this paragraph are subject to ¶¶8 and 9 of this order.

4. Documents and testimony designated confidential pursuant to ¶¶1 and 2 may be disclosed only for prosecution or defense of this action. No other disclosure of such documents or testimony shall be made (except by the designating party). *Provided, however,* that the provisions of this paragraph are subject to ¶¶8 and 9 of this order.

5. No disclosure permitted by ¶4 shall be made until the person to whom the documents or testimony is to be disclosed has read this order and agreed to comply with it. *Provided, however,* that the provisions of this paragraph do not apply to disclosures that are made in open court at trial or during the course of any hearing in the action, or to disclosures otherwise made to court clerks or other court personnel in connection with the action, or to disclosures made during depositions taken in the action to the person who is being deposed.

6. No disclosure permitted by ¶4 shall be made to any expert or consultant retained by or for a party (except the designating party) until the expert or consultant has signed and dated an Acknowledgment Sheet in the form attached hereto as Appendix A.  The original signed Acknowledgment Sheet shall be retained during the pendency of the action by counsel who makes the disclosure to such expert or consultant, but need not be provided to counsel for the designating party

during the pendency of the action except in accordance with such future orders as may be entered for good cause shown. Promptly upon final disposition of the action (including, if applicable, final disposition of any appeal and retrial), however, copies or the originals of such signed Acknowledgment Sheets shall be provided to counsel of record for the designating party.

    7. If a party intends to file with the clerk (except in open court at the trial or during any hearing in the action) any document or testimony that is subject to the protection of this order, that party shall so notify the other party in writing, request its assent, and shall file a motion for impoundment of the protected matter pursuant to L.R. 83.11. No party that has not previously delivered the writing described in ¶8(a) of this order with respect to the documents or testimony at issue shall withhold prompt assent to such motion.

    8. If a party believes in good faith that documents or testimony designated by the other should not be subject to the protection of this order, the following procedure shall be followed:

    (a) The party disputing the designation shall identify to the designating party, in writing, the specific documents or testimony as to which the designation is disputed. The disputing party shall state concisely in writing the reasons it has for disputing the designation.

    (b) Counsel for the designating party and the disputing party shall thereafter confer, in person or by

       telephone, in a good faith effort to narrow or resolve their differences. Such conference shall occur within ten business days after receipt by the designating party of the writing described in ¶8(a) unless the disputing and designating parties agree to some other date.

  (c)    To the extent the designating and disputing parties do not resolve their differences as a result of compliance with ¶8(a) and (b), the disputing party may bring a motion in accordance with L.R. 7.1 to remove the documents or testimony subject to continuing dispute from the scope of this order. In connection with any such motion, the burden shall be on the designating party to make a particularized showing of good cause for maintaining the protection of this order with respect to the documents or testimony that is subject to the motion.

  (d)    Documents or testimony as to which the designation has been disputed shall retain the protection of this order until such time as the designating party (i) agrees in writing that they are no longer subject to the order, or (ii) an order is entered by this court removing them from the scope of the order and (A) no motion for reconsideration of such order is filed within the time prescribed by L.R. 7.2(e), and (B) no interlocutory appeal from such order or motion to stay the effect of such order is filed within five business days of the date electronic notice of the order is transmitted to the designating party's counsel of record. In the event a timely motion for reconsideration, interlocutory appeal, or motion for a stay is filed, the documents or testimony to which such motion or appeal pertains shall remain subject to the protection of this order until such motion for reconsideration, interlocutory appeal, or motion for a stay has been denied or until further order of this court.

    9.    Nothing in this Order shall be understood to restrict the use or disclosure of documents designated confidential pursuant to ¶¶1 and 2 by the very party who has produced the documents and designated them confidential.

10.  A party which has received documents that are subject to this order shall return them, including all copies of them, to the designating party promptly upon receiving a request for them after final disposition of the action (including final disposition of any appeal or retrial).  A party which has designated deposition testimony confidential may, after final disposition of the action (including final disposition of any appeal or retrial), request the non-designating party to return to the designating party the transcript of the testimony so designated, and the non-designating party shall upon receiving such a request promptly return all such transcripts in its possession (and in the possession of its attorneys, agents, experts, and consultants) to the designating party.  The parties and their counsel may retain summaries of information contained in documents or testimony subject to this order that were prepared by or for their counsel in the course of the action so long as such summaries are permanently handled in accordance with ¶¶4 and 5. In the alternative, such summaries may be destroyed.  All such summaries in the possession of consultants or experts of the parties shall be destroyed promptly upon final disposition of the action or returned to

the attorney who retained the expert or consultant having possession of them.

    11.  For purposes of ¶¶1 through 9 of this order, "documents" and "testimony" include not only the original documents or record of the testimony but also all copies of them, all summaries and substantially verbatim accounts of their contents, and all information in them.

    12.  Any provision of this order except for the provisions contained in ¶7(a) and (b) may be waived without further action of the court by a writing signed by counsel of record for all parties.

    13.  Nothing in this order shall be construed to limit the discretion of the trial judge or the judicial officer presiding over any hearing at which assertedly confidential documents or testimony is offered to enter any such orders as he or she deems appropriate.  See F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987) (holding that there is a presumption of public access to documents that are relevant to the adjudication of a case).

    SO ORDERED.

                                      _____
                                      Landya B. McCafferty
                                      U.S. Magistrate Judge

November 16, 2010
cc:  Emile R. Bussiere, Jr., Esq.
     Richard P. Campbell, Esq.
     John A.K. Grunert, Esq.

7

APPENDIX A - ACKNOWLEDGMENT FORM

     I hereby acknowledge that on the date set next to my name I have read the entire Confidentiality Order that has been entered in the case of <u>Dorothy Zyla, adm'x. of the estate of John B. Zyla, Jr.</u> v. <u>Caterpillar Inc.</u>, United States District Court for the District of New Hampshire Civil Action No. 1:10-cv-00446-JD; that I agree to comply with all provisions of that Confidentiality Order; that I will not use or disclose documents or testimony subject to that Confidentiality Order, or information in them, except in accordance with that Confidentiality Order; that when asked to do so I will promptly return all documents, testimony, and information subject to that Confidentiality Order to the attorney who provided it to me; and that I agree to the personal jurisdiction of the United States District Court for the District of New Hampshire over me for the purpose of enforcing against me any provisions of that Confidentiality Order.

    NAME                                DATE

_____

_____

_____

_____

_____

_____